### JOHN HOWARD ET AL v. WILLIAM E. BELLOWS.

*Sale—Divisibility of contract.*

An agreement to sell certain stock including fifteen of the vendor's "best pigs and such two sows as they belong to," means the best two litters aggregating fifteen.

Where a man agreed to sell "a certain cow and fifteen of his best pigs and such two sows as they should belong to," and the bargain for the cow at first stood by itself but the vendor privately agreed to take seventy-five dollars but told the purchasers they might fix the price of the cow at thirty or thirty-five dollars, as they chose, and give the rest for the pigs, the contract could not be considered so far indivisible as to justify the purchaser in treating a failure in the quality of the pigs as rescinding the bargain for the cow. And in a suit for the breach of contract he must make out his case affirmatively and show that his loss of profits is on the pigs.

Error to Kalamazoo. Submitted Jan. 5. Decided Jan. 10.

ASSUMPSIT. Plaintiffs bring error. Affirmed.

*Tyrrell Rayner, Jr.* for appellants.

*Geo. M. Buck* for appellee.

CAMPBELL, J. Plaintiffs sued defendant for breach of a contract whereby it is averred he agreed to sell and deliver to them in consideration of five dollars paid and seventy dollars to be paid, on delivery, "a certain cow, and fifteen of his best pigs, and such two sows as they should belong to." The breach alleged is the refusal to deliver the stock.

The record contains several assignments of error, which we shall not consider separately, because the case does not in our opinion make them important.

The theory of the declaration is that an agreement was made at a round sum for a cow and fifteen pigs and the two sows belonging to them, and the claim is that failure to deliver any of these was a complete failure.

The plaintiff's proof made out no more than a refusal to deliver pigs that were superior to others which defendant owned. There was no complaint made about the cow or the sows. The testimony as to damages was that the market price of all the stock which plaintiffs claimed they were entitled to was more than seventy-five dollars.

We note in the first place that as the pigs were to be sold in two litters, there was no agreement to sell anything but two, which aggregated fifteen, and if they were to be the best, this could only mean the best two which contained that number. Plaintiffs made no showing that defendant had more than two litters which would make up fifteen. Their testimony, perhaps, tended to show that the pigs tendered them did not all belong to the two litters, and upon that point the case was for the jury, who do not seem to have accepted their testimony.

But on plaintiffs' own showing the cow and the pigs were not sold as one parcel. The bargain for the cow was in the first place entirely separate, and there was some higgling about her price, as there was about the price of the pigs. Finally, when defendant agreed to accept the sum of seventy-five dollars, he told plaintiffs they might fix such price on the cow—either thirty or thirty-five dollars—as they chose, and the balance on the pigs. While in one sense this brought them into one aggregate price, it is nevertheless obvious that plaintiffs could not properly treat a failure in the quality of the pigs as rescinding the bargain for the cow.

The excess in market price might under the testimony apply to the cow or to the pigs. When given in as arising on the whole number of animals, no *data* were furnished for

determining whether the loss of profits was on the pigs. If not, the plaintiff suffered no injury. He was bound to make out his case affirmatively.

We can see no foundation in the record for any of the complaints now made. Plaintiffs did not make out the case alleged, and we have serious doubts whether they had enough to go to the jury on any case. There is no reason to suppose any injustice occurred, and the trial appears to have been fair. But we have no occasion to consider it more fully.

The judgment must be affirmed with costs.

The other Justices concurred.